UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSE L. PRIETO-FONSECA,

Petitioner,

v.

Case No. 26-cv-1938-pp

MARKWAYNE MULLIN, TODD BLANCHE, DAVID VENTURELLA, RAYMOND HERNANDEZ and DALE SCHMIDT,

Respondents.

---

**ORDER SCREENING PETITION (DKT. NO. 1) AND DENYING AS MOOT PETITIONER'S MOTION FOR EXPEDITED PRELIMINARY REVIEW, ISSUANCE OF AN ORDER TO SHOW CAUSE AND ABBREVIATED RESPONSE SCHEDULE (DKT. NO. 7)**

---

On October 19, 2026, petitioner Jose Prieto-Fonseca, who currently is detained in the Dodge County Detention Facility, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2241, arguing that his current detention violates his Fifth Amendment Due Process rights. Dkt. No. 1. Because the petitioner paid the filing fee, the court will screen the petition under Rule 4 of the Rules Governing §2254 Cases and will order the respondent to file a responsive pleading to the petitioner's brief. The petitioner also filed a motion for expedited preliminary review, issuance of an order to show cause and abbreviated response schedule. Dkt. No. 7. The court will deny that motion as moot.

## I. Legal Standard

A petition under 28 U.S.C. §2241 is the appropriate vehicle for challenging the length of detention pending removal. Zadvydas v. Davis, 533 U.S. 678, 688 (2001). Under Rule 1(b) of the Rules Governing Section 2254 Cases and under Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to *habeas* petitions filed under §2241. Chagala v. Beth, Case No. 15-C-531, 2015 WL 2345614, at *1 (E.D. Wis. May 13, 2015).

Rule 4 of the Rules Governing §2254 Cases in the United States District Courts provides:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

At the screening stage, the court expresses no view as to the merits of the petitioner's claims. A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court.

## II. Section 2241 Petition

The petitioner is a citizen of Mexico who entered the United States without inspection in 2008. Dkt. No. 1 at ¶¶14, 22. He lives with his wife and children in Chilton, Wisconsin and has worked here since 2014. Id. at ¶¶22-23. ICE agents took the petitioner into custody on September 19, 2026. Id. at ¶29. State officials had arrested the petitioner in connection with a traffic violation and transferred him to ICE custody. See id.

The petitioner requested a custody redetermination hearing under 8

U.S.C. §1226(a). Id. at ¶34. On October 13, 2026, an immigration judge held a hearing for the petitioner. Id. At that hearing, the petitioner argued that he did not pose a danger to the community or a flight risk. Though the petitioner had received a municipal OWI citation in 2017, he submitted evidence showing that he had complied with the terms of the OWI judgment and that he had not received another OWI ticket or charge. See id. at ¶¶30-32. The petitioner submitted additional evidence, including family letters, medical records, homeownership documents, employment records, sponsorship evidence and additional records showing his traffic history and compliance. Id. at ¶¶35-38. The immigration judge denied bond, concluding that the petitioner posed a danger to the community and a flight risk. Id. at ¶40; see also Dkt. No. 5 at 4. The immigration judge acknowledged the "positive equities" in the petitioner's case, but denied release without identifying the conduct or evidence establishing the petitioner's danger to the community or flight risk. Dkt. No. 1 at ¶¶40-41.

The petitioner alleges that the immigration judge improperly placed the burden on him to "prove predictive negatives: that he will not endanger the community and will not fail to comply with future orders." Id. at ¶51. He argues that the Fifth Amendment "does not permit the Government to continue physical confinement by assigning to the detainee the risk of uncertainty." Id. at ¶3 (citing Calvette Chirinos v. Olson, Case No. 26-cv-369, 2026 WL 1724667, at *7 (E.D. Wis. June 12, 2026) (holding that the government bears the burden of proof in a §1226 bond hearing); Hulke v. Schmidt, 572 F. Supp.

3d 593, 600-01 (E.D. Wis. 2021)).

## III. Analysis

A district court may grant a petitioner's request for a writ of *habeas corpus* if the petitioner demonstrates that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §2241(c)(3).

Whether the government bears the burden of proof at a §1226(a) custody redetermination hearing arguably is an open question in the Seventh Circuit. At least two judges in this district have held that the government has the burden of proof in a §1226(a) hearing. See Calvette Chirinos, 2026 WL 1724667, at *7 (Judge Adelman); Hulke, 572 F. Supp. 3d at 600-01 (Judge Stadtmueller). But Judge Adelman observed that several federal courts of appeal recently have split on this issue. Chirinos, 2026 WL 1724667, at *5 (comparing Hernandez-Lara v. Lyons, 10 F.4th 19, 39 (1st Cir. 2021) (holding that government bears burden in §1226(a) hearings) and Velasco Lopez v. Decker, 978 F.3d 842, 856-57 (2d Cir. 2020) (holding that due process required the government to prove either flight risk or community danger, both by clear and convincing evidence, when an individual's detention becomes "prolonged") with Miranda v. Garland, 34 F.4th 338, 366 (4th Cir. 2022) (holding that due process did not compel the government to bear burden of proof in a §1226(a) hearing), and Rodriguez Diaz v. Garland, 53 F.4th 1189, 1213 (9th Cir. 2022) (same)). Judge Adelman observed that the Third and Eighth Circuits seemed to agree with the Fourth and Ninth Circuits, though it wasn't entirely clear. Chirinos, 2026 WL 1724667, at *5 (citing Ali v. Brott, 770 F. App'x 298 (8th

Cir. 2019); Borbot v. Warden Hudson C'nty Corr. Facility, 906 F.3d 274, 279 (3d Cir. 2018)).

Although Judges Adelman and Stadtmueller have held that due process requires that the government bear the burden of proof in a §1226(a) hearing, Judge Adelman recently questioned the continuing validity of his holding in light of the Seventh Circuit's decision in Cirrus Rojas v. Olson, 183 F.4th 909 (7th Cir. 2026). Judge Adelman observed that "the Seventh Circuit appeared to accept that, contrary to my decision, the burden to prove that detention is unnecessary is on the noncitizen and the 'government need not present any evidence justifying detention.'" Calvette Chirinos v. Olson, No. 26-CV-369, 2026 WL 3205983, at *1 (E.D. Wis. Oct. 14, 2026) (citing Cirrus Rojas, 183 F.4th at 917). But Judge Adelman added in a footnote that "[a]rguably the issue of burden of proof at §1226 bond hearings and related due process considerations were not squarely presented and analyzed in Cirrus Rojas" and that the appellate court's discussion of hearing standards "may be considered dicta." Id.

Given the uncertainty as to what standard should apply in a §1226 hearing and based on the facts alleged in the petition, the court cannot conclude that the petitioner plainly is not entitled to relief. The court further concludes that the due process issues the petitioner presents would be better resolved after the government has an opportunity to respond to the petition and, if he so chooses, the petitioner files a reply.

The petitioner alleges that Sheriff Dale Schmidt, as the sheriff of Dodge County, is the "immediate custodian" of the petitioner at the Dodge County Detention Facility. Dkt. No. 1 at ¶19. The court will order the clerk's office to serve respondent Schmidt. Assistant United States Attorneys Michael A. Carter and Stuart D.P. Gilgannon already have noticed their appearances on behalf of the United States as a nominal party under the Memorandum of Understanding.

## IV. Motion for Expedited Preliminary Review, Issuance of an Order to Show Cause and Abbreviated Response Schedule (Dkt. No. 7)

On November 2, 2026, the petitioner filed a motion seeking "prompt preliminary review" of his petition and an order to show cause with an abbreviated response schedule. Dkt. No. 7 at 1. Because the court is issuing this screening order and is setting a briefing schedule, the court will deny as moot the petitioner's motion.

## V. Conclusion

The court **ORDERS** that the clerk's office must promptly serve a copy of the petition and this order on respondent Dale Schmidt under Rule 4 of the Rules Governing Section 2254 Cases and the Memorandum of Understanding.

The court **ORDERS** that the respondents must answer the petition and respond to the petitioner's brief (Dkt. No. 8) by the end of the day **November 23, 2026**. If the petitioner intends to file a reply brief, he must do so within seven days of receiving the respondent's answer and brief in opposition.

The court **DENIES AS MOOT** the petitioner's motion for expedited preliminary review, issuance of an order to show cause and abbreviated response schedule. Dkt. No. 7.

Dated in Milwaukee, Wisconsin this 6th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**